**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-2111**

_____

MARGARET SHAVER HORTON,

Plaintiff - Appellant,

versus

SYNTHES (U.S.A.),

Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (CA-03-419-7)

_____

Submitted: April 29, 2005          Decided: May 25, 2005

_____

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard L. McGarry, THE LAW OFFICE OF RICHARD MCGARRY, Roanoke, Virginia, for Appellant. Lori J. Bentley, JOHNSON, AYERS & MATTHEWS, Roanoke, Virginia; W. Kennedy Simpson, THOMPSON MILLER & SIMPSON PLC, Louisville, Kentucky, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In this diversity action, 28 U.S.C. § 1332(a) (2000), Margaret Shaver Horton appeals the district court's grant of judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a), to Synthes (U.S.A) ("Synthes"), a manufacturer of medical devices. A plate and five screws manufactured by Synthes were placed in Horton's right leg to repair a break that resulted from an automobile accident in March 2000. Horton's leg failed to heal, and two of the screws broke over an eighteen month period, until the system was surgically removed and a different type of hardware was inserted. Horton filed suit alleging breach of warranty as to the screws. At the close of Horton's evidence before a jury, the district court granted Synthes' motion for judgment as a matter of law. On appeal, Horton alleges that she was entitled to an adverse inference of defectiveness in light of the failure of one of Synthes' employees to appear to testify. She further asserts that her case should have withstood the Rule 50(a) motion.

A district court has inherent power to impose a sanction, including an adverse inference, for spoliation of evidence. Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 449 (4th Cir. 2004). Federal law governs the decision to impose such a sanction in diversity cases. Id. "The spoliation of evidence rule allows the drawing of an adverse inference against a party whose intentional conduct causes not just the destruction of evidence . . . but also

against one who fails to preserve or produce evidence—including the testimony of witnesses." Id. We conclude that Horton did not preserve this issue for appellate review, as she never requested an adverse inference on spoliation grounds in the district court. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) ("Issues raised for the first time on appeal generally will not be considered.").

Horton further argues that the district court erred in granting judgment as a matter of law. We review de novo the district court's grant of a Fed. R. Civ. P. 50(a) motion, viewing the evidence in the light most favorable to the nonmoving party. Babcock v. Bellsouth Adver. & Publ'g Corp., 348 F.3d 73, 76 (4th Cir. 2003). In a diversity action, the law of the site of the injury, in this case Virginia, applies. Alevromagiros v. Hechinger Co., 993 F.2d 417, 420 (4th Cir. 1993).

In Virginia, a product must be fit for the ordinary purposes for which it is intended to be used. Slone v. Gen. Motors Corp., 457 S.E.2d 51, 54 (Va. 1995). A plaintiff must establish "(1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands." Logan v. Montgomery Ward & Co., 219 S.E.2d 685, 687 (Va. 1975). Reviewing the evidence Horton presented, we conclude that she

- 3 -

failed to show that the screws manufactured by Synthes were unreasonably dangerous for their intended use. The metallurgist who testified for Horton stated that he found no manufacturing defect, and admitted that he was not qualified to comment on the design of the device. The orthopedist called by Horton testified that he had often used the same system with good results. He admitted on cross-examination that a broken screw is not necessarily defective in design or manufacture, and that, if a bone does not heal, over time any piece of metal can break. We conclude, even giving Horton the benefit of all inferences, that she failed to establish her cause of action. Therefore, judgment as a matter of law was properly granted.

Accordingly, we affirm the district court's disposition in this case. We deny Horton's motion to allow attachments to the reply brief as well as her motion for oral argument. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -